UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-_____ |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy] |
| DAVID ALMOG, | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all relevant times:

1.    United Revenue Service, Inc. ("URS") was a tax preparation business, incorporated in the State of Nevada, with multiple locations throughout the United States.

2.    URS had its headquarters in an office location in Newport Beach, California, located in the Central District of California.  URS also had locations in Los Angeles, California; Santa Clara, California; San Diego, California; Seattle, Washington; Dallas, Texas; St. Louis, Missouri; Chicago, Illinois; Boston, Massachusetts; New York, New York; Bethesda,

1   Maryland; and Atlanta, Georgia.

2        3.   Defendant DAVID ALMOG ("ALMOG") was a tax return

3   preparer employed by URS.  Defendant ALMOG began working for URS

4   in or about 2001.  As of at least 2006, defendant ALMOG was the

5   branch manager of URS's New York office located in Manhattan and

6   a supervisor of tax return preparers in URS's East Coast

7   locations.  Defendant ALMOG is an Israeli citizen and a United

8   States Permanent Resident Alien.

9        4.   R.S. was the Vice-President of URS from in or about

10  2000 until in or about early 2006.  R.S. worked out of the

11  Newport Beach, California URS headquarters, located in the

12  Central District of California.

13       5.   Client A was a tax preparation client of URS, and more

14  specifically, a client of defendant ALMOG.  Client A's U.S.

15  Individual Income Tax Returns, Forms 1040, were prepared by

16  defendant ALMOG and R.S.

17       6.   The Internal Revenue Service ("IRS") was an agency of

18  the United States Department of Treasury responsible for

19  administering and enforcing the tax laws of the United States and

20  collecting the taxes owed to the Treasury of the United States.

21       7.   United States citizens, resident aliens, and legal

22  permanent residents of the United States were required to file an

23  individual income tax return with the IRS reporting their

24  worldwide income for each year if their gross income exceeded a

25  certain amount.

26       8.   The IRS required on Form 1040, Schedule B, Part III,

27  Line 7a, that every taxpayer answer the following question by

28

checking a "Yes" or "No" box:  "At any time during [the calendar year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" If the answer to the questioned posed on Line 7a was "Yes," and other exceptions not relevant here did not apply, then Line 7b required the taxpayer to enter the name of the foreign country in which the financial account was located.

9.   United States citizens, resident aliens, and legal permanent residents of the United States who had a financial interest in, or signature authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular year were required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts on Form TD F 90-22.1 ("the FBAR"). The FBAR for the applicable year was due by June 30 of the following year.

10.   These introductory allegations are re-alleged in Count One of this Indictment.

-3-

COUNT ONE

[18 U.S.C. § 371]

A.   OBJECT OF THE CONSPIRACY

11.   From in or about May 2004, the exact date being unknown to the Grand Jury, and continuing thereafter up to at least on or about April 17, 2006, in the Central District of California, and elsewhere, defendant ALMOG, unindicted co-conspirator R.S., and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of a government agency, namely, the Internal Revenue Service of the United States Treasury Department, by deceitful and dishonest means in the ascertainment, computation, assessment, and collection of the revenue, namely, individual income taxes.

B.   MANNER AND MEANS OF THE CONSPIRACY

12.   The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

a.   Defendant ALMOG, unindicted co-conspirator R.S., and others known and unknown to the Grand Jury would transfer and facilitate the transfer of Client A's money to one or more business bank accounts in the United States at Wells Fargo Bank which were controlled by unindicted co-conspirator R.S.   Those Wells Fargo accounts were held in the Central District of California.

b.   Defendant ALMOG, unindicted co-conspirator R.S., and others known and unknown to the Grand Jury would incorporate

-4-

1  and cause to be incorporated a shell company called Katumba

2  Capital, Inc., and would open a bank account in the name of

3  Katumba Capital, Inc. at the Luxembourg branch of a large Israeli

4  bank headquartered in Tel-Aviv, Israel (the "Israeli Bank-

5  Luxembourg Branch").  The shell company established by defendant

6  ALMOG, unindicted co-conspirator R.S., and others would have no

7  legitimate business purpose.  Instead, it would be created solely

8  to act as the named account holder on a bank account at the

9  Israeli Bank-Luxembourg Branch which would be used to house

10 Client A's money transferred offshore from the Wells Fargo Bank

11 accounts.

12         c.   Defendant ALMOG, unindicted co-conspirator R.S.,

13 and others known and unknown to the Grand Jury would transfer

14 Client A's funds from the business accounts controlled by R.S.

15 and located at the Wells Fargo Bank branch in the Central

16 District of California into Client A's shell company account at

17 the Israeli Bank-Luxembourg Branch.  These transfers would be

18 executed to create the appearance on paper of an "investment" in

19 Client A's shell company.  However, the "investment" would be

20 fictitious, as Client A would retain control of the funds

21 transferred offshore to the shell company account held at the

22 Israeli Bank-Luxembourg Branch.

23         d.   Defendant ALMOG, unindicted co-conspirator R.S.,

24 and others would prepare false U.S. Individual Income Tax Returns

25 on behalf of Client A that failed to disclose the Israeli-Bank-

26 Luxembourg Branch account and that reported false losses based

27 upon the fictitious "investment" in Client A's shell company.

28

C.   <u>OVERT ACTS</u>

13.   In furtherance of the conspiracy, and to accomplish its object, defendant ALMOG and unindicted co-conspirator R.S., together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

<u>Overt Act No. 1</u>:  On or before July 22, 2004, defendant ALMOG directed and caused Client A to wire $521,000 from Client A's E-Trade Securities account at Bank of New York to an account at Wells Fargo Bank in the name of Platinum Planning Group.

<u>Overt Act No. 2</u>:  On or before December 1, 2004, defendant ALMOG directed and caused Client A to wire $523,000 from Client A's E-Trade Securities account at Bank of New York to an account at Wells Fargo Bank in the name of Platinum Planning Group.

<u>Overt Act No. 3</u>:  On or before December 20, 2004, defendant ALMOG directed and caused Client A to issue a check in the amount of $557,000 from his E-Trade Securities account at Bank of New York to an account at Wells Fargo Bank in the name of Platinum Planning Group.

<u>Overt Act No. 4</u>:  In or about August 2004, defendant ALMOG opened and caused to be opened a bank account at the Israeli Bank-Luxembourg Branch in the name of Katumba Capital, Inc.

<u>Overt Act No. 5</u>:  On or about August 8, 2004, defendant ALMOG sent a three-page fax from the New York URS office to

-6-

uninindicted co-conspirator R.S. in the Newport Beach, California
URS office that confirmed the opening of the Katumba Capital,
Inc. account and provided wiring instruction information needed
to wire money to the Katumba Capital Inc. account held at the
Israeli Bank-Luxembourg Branch.

Overt Act No. 6:  On or about August 10, 2004,
uninindicted co-conspirator R.S. caused $150,000 to be wired from
Wells Fargo Bank account number xxxxxxx738 to account number
xxx718 held in the name of Katumba Capital, Inc. at the Israeli
Bank-Luxembourg Branch.

Overt Act No. 7:  On or about August 17, 2004,
uninindicted co-conspirator R.S. caused $400,000 to be wired from
Wells Fargo Bank account number xxxxxxx738 to account number
xxx718 held in the name of Katumba Capital, Inc. at the Israeli
Bank-Luxembourg Branch.

Overt Act No. 8:  On or about October 4, 2004,
uninindicted co-conspirator R.S. caused $60,000 to be wired from
Wells Fargo Bank account number xxxxxxx738 to account number
xxx718 held in the name of Katumba Capital, Inc. at the Israeli
Bank-Luxembourg Branch.

Overt Act No. 9:  On or about November 17, 2004,
uninindicted co-conspirator R.S. caused $300,000 to be wired from
Wells Fargo Bank account number xxxxxxx738 to account number
xxx718 held in the name of Katumba Capital, Inc. at the Israeli
Bank-Luxembourg Branch.

Overt Act No. 10:  On or about December 27, 2004,
uninindicted co-conspirator R.S. caused $200,000 to be wired from

Wells Fargo Bank account number xxxxxxx738 to account number xxx718 held in the name of Katumba Capital, Inc. at the Israeli Bank-Luxembourg Branch.

Overt Act No. 11:  On or about January 12, 2005, unindicted co-conspirator R.S. caused $160,000 to be wired from Wells Fargo Bank account number xxxxxxx738 to account number xxx718 held in the name of Katumba Capital, Inc. at the Israeli Bank-Luxembourg Branch.

Overt Act No. 12:  On or about January 31, 2005, unindicted co-conspirator R.S. caused $220,000 to be wired from Wells Fargo Bank account number xxxxxx448 to account number xxx718 held in the name of Katumba Capital, Inc. at the Israeli Bank-Luxembourg Branch.

Overt Act No. 13:  On or about February 8, 2005, unindicted co-conspirator R.S. caused $220,000 to be wired from Wells Fargo Bank account number xxxxxx448 to account number xxx718 held in the name of Katumba Capital, Inc. at the Israeli Bank-Luxembourg Branch.

Overt Act No. 14:  On or about April 14, 2005, unindicted co-conspirator R.S. caused $200,000 to be wired from Wells Fargo Bank account number xxxxxxx820 to account number xxx718 held in the name of Katumba Capital, Inc. at the Israeli Bank-Luxembourg Branch.

Overt Act No. 15:  On or about August 9, 2005, defendant ALMOG filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, on behalf of Client A for tax year 2004 that (i) in response to question 7(a), falsely

-8-

reported "No," instead of "Yes," regarding whether Client A had an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account; (ii) failed to report the name of the foreign country where the bank account was located on Line 7b, namely, Luxembourg; and (iii) on Line 17, "Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E," falsely claimed total losses in the amount of $1,816,916 when losses in such a total amount were not incurred by Client A.

Overt Act No. 16:   On or about April 17, 2006, defendant ALMOG filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, for tax year 2005 on behalf of Client A that (i) in response question 7(a), falsely reported "No," instead of "Yes," regarding whether Client A had an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities

//

//

account, or other financial account; and (ii) failed to report
the name of the foreign country where the bank account was
located on Line 7b, namely, Luxembourg.

                                         A TRUE BILL


                          _____
                          Foreperson


ANDRÉ BIROTTE JR.
United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division


ELLEN M. QUATTRUCCI
CHRISTOPHER S. STRAUSS
Trial Attorneys
Department of Justice, Tax Division


                          -10-