Case 2:11-cr-00930-TJH   Document 11   Filed 06/14/12   Page 1 of 19   Page ID #:71

FILED
2012 JUN 14 PM 2:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-00930(A) |
| Plaintiff, ) | F I R S T |
| ) | S U P E R S E D I N G |
| v. ) | I N D I C T M E N T |
| ) | |
| DAVID ALMOG, ) | [18 U.S.C. § 371: Conspiracy] |
| DAVID KALAI, and ) | |
| NADAV KALAI, ) | |
| ) | |
| Defendants. ) | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all relevant times:

1. United Revenue Service, Inc. (hereinafter "URS") was a tax preparation business, incorporated in the State of Nevada, with multiple locations throughout the United States.

2. At various times between in or about 2000 and in or about 2011, URS had its headquarters in Newport Beach, California; Costa Mesa, California; and Bethesda, Maryland. URS

1 | also had locations in Los Angeles, California; Santa Clara,
2 | California; San Diego, California; Seattle, Washington; Dallas,
3 | Texas; St. Louis, Missouri; Chicago, Illinois; Boston,
4 | Massachusetts; New York, New York; and Atlanta, Georgia.

5 |     3.    Between in or about 2000 and continuing through in or
6 | about 2010, URS operated its tax return preparation business in
7 | various locations under the names of URS; URS Tax, Inc.; URS East
8 | LLC; URS Northern California LP; and URS Southern California, LP
9 | (hereinafter collectively referred to as "URS").

10 |     4.    Defendant DAVID KALAI (hereinafter "D. KALAI")
11 | established URS in or about 1988 and also worked at URS as a tax
12 | return preparer. In addition to being a tax return preparer, D.
13 | KALAI served as the President of URS until on or about January 1,
14 | 2002. He also served as the Chief Executive Officer and Chairman
15 | of the Board of Directors of URS until on or about April 19,
16 | 2004, when he resigned those positions at a meeting of the URS
17 | Board of Directors. After his resignation on or about April 19,
18 | 2004, D. KALAI remained a member of the Board of Directors of
19 | URS, remained active in the business operations of URS, and
20 | continued to prepare tax returns on behalf of URS clients.

21 |     5.    Defendant D. KALAI worked primarily at URS headquarters
22 | in Newport Beach, California, and later, at URS's location in
23 | Costa Mesa, California.

24 |     6.    Defendant NADAV KALAI (hereinafter "N. KALAI"), who is
25 | defendant D. KALAI's son, worked for URS as a tax return preparer
26 | from at least in or about 2001 and continuing until at least in
27 | or about 2011. Defendant N. KALAI assumed the position of
28 | President of URS on or about January 1, 2002.

7.   Defendant N. KALAI worked primarily at URS's headquarters in Bethesda, Maryland, as well as URS locations in Newport Beach, California, and Costa Mesa, California, both located in the Central District of California.

8.   Defendants D. KALAI and N. KALAI were Israeli citizens who subsequently became naturalized citizens of the United States.

9.   Defendant DAVID ALMOG (hereinafter "ALMOG") was a tax return preparer employed by URS. Defendant ALMOG began working for URS in or about 2002. As of at least in or about 2006, defendant ALMOG was the branch manager of URS's New York office located in Manhattan and a supervisor of tax return preparers at URS's East Coast locations. Defendant ALMOG was an Israeli citizen and a United States Permanent Resident Alien.

10.   Unindicted co-conspirator R.S. was a tax return preparer and the Vice-President of URS from in or about 2000 until in or about early 2006. R.S. worked out of the Newport Beach, California URS headquarters, located in the Central District of California.

11.   A.F., M.A., M.N., J.C. and K.C., and M.W. were tax preparation clients of URS (collectively, the "Clients").

12.   Bank A was a large financial institution headquartered in Tel-Aviv, Israel. Bank A currently describes itself as maintaining a "premier position in the world of international private banking" with private bankers who will be a customer's "loyal and discreet consultant." Bank A currently advertises that it has "more than 336 branches and representations across 18 countries worldwide," including banking operations in Luxembourg

(hereinafter "Bank A Luxembourg").

13. Bank B was a mid-size financial institution headquartered in Tel-Aviv, Israel. Bank B offered private banking services it currently describes as being tailored to a customer's "preferred communications channels and information" while "maintaining total discretion." Bank B advertises a "worldwide presence on four continents through subsidiaries, branches, and representative offices," including a branch of its Swiss banking operations located in Luxembourg (hereinafter "Bank B Switzerland-Luxembourg Branch").

14. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

15. United States citizens, resident aliens, and legal permanent residents of the United States were required to file an individual income tax return with the IRS reporting their worldwide income for each year if their gross income exceeded a certain amount.

16. The IRS required on Form 1040, Schedule B, Part III, Line 7a, that every taxpayer answer the following question by checking a "Yes" or "No" box: "At any time during [the calendar year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" If the answer to the question posed on Line 7a was "Yes," and other exceptions not relevant here did not apply, then the box on line 7a had to be checked "Yes." If the "Yes" box on line 7a was

checked, then Line 7b required the taxpayer to enter the name of the foreign country in which the financial account was located.

17. United States citizens, resident aliens, and legal permanent residents of the United States who had a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year were required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 (hereinafter referred to as an "FBAR"). The FBAR for the applicable year was due by June 30 of the following year.

18. An "undeclared bank account" was a financial account maintained in a foreign country that was not reported to the United States government on a tax return and an FBAR.

19. These introductory allegations are re-alleged in Count One of this First Superseding Indictment.

/ / / /

COUNT ONE

[18 U.S.C. § 371]

A. <u>OBJECT OF THE CONSPIRACY</u>

20. From in or about April 2000, the exact date being unknown to the Grand Jury, and continuing thereafter up to at least in or about March 2011, in the Central District of California, and elsewhere, defendants D. KALAI, N. KALAI, ALMOG, and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to defraud the United States by deceitful and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of a government agency, namely, the Internal Revenue Service of the United States Treasury Department, in the ascertainment, computation, assessment, and collection of revenue, namely, income taxes.

B. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

21. The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

    a. In order to conceal the Clients' assets and income from the IRS, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would aid, assist, advise, and facilitate the establishment of undeclared bank accounts at Bank A Luxembourg and Bank B Switzerland-Luxembourg Branch.

    b. In order to hide the Clients' ownership and control of assets and conceal the Clients' income from the IRS, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would incorporate and cause to be incorporated offshore companies in Belize and elsewhere to act as

named account holders on the undeclared bank accounts at Bank A Luxembourg and Bank B Switzerland-Luxembourg Branch.

c. In order to conceal assets and income from the IRS, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would aid, assist, advise, and facilitate the transfer of the Clients' funds to the undeclared bank accounts at Bank A Luxembourg and Bank B Switzerland-Luxembourg Branch from, among other places, bank accounts held at a Wells Fargo branch located within the Central District of California.

d. In order to conceal the true nature of the transfers of money to the Bank A Luxembourg bank accounts and fraudulently reduce the amount of income reported on income tax returns, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would prepare and aid, assist, and advise the preparation of false corporate and partnership tax returns on behalf of clients A.F., M.A., J.C. and K.C., and M.W., which falsely reported the money sent offshore as a (1) false investment loss; and/or (2) false business expense.

e. In order to reduce fraudulently the amount of income tax reported due, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would prepare and aid, assist, advise, and cause the preparation of false individual income tax returns for the Clients that (1) under-reported the Clients' true income; and (2) failed to disclose the existence of, and the Clients' financial interest in, and authority over, the Clients' undeclared bank accounts at Bank A Luxembourg and Bank B Switzerland-Luxembourg Branch.

f. In order to further conceal income from the IRS, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would file and cause to be filed false individual, corporate, and partnership tax returns with the IRS.

g. In order to further conceal the Clients' ownership and control over the assets in the undeclared bank accounts, defendants ALMOG, D. KALAI, and N. KALAI, along with unindicted co-conspirator R.S., would cause the Clients to fail to prepare and file FBARs with the Department of the Treasury concerning the Clients' foreign financial accounts at Bank A Luxembourg and Bank B Switzerland-Luxembourg Branch.

C. OVERT ACTS

22. In furtherance of the conspiracy, and to accomplish its object, defendants D. KALAI, N. KALAI, ALMOG, and unindicted co-conspirator R.S., together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

### Client A.F.

Overt Acts Nos. 1-3: On or about the following dates, defendant ALMOG directed and caused client A.F. to transfer the following amounts from A.F's E-Trade Securities account at Bank of New York, which were deposited into a Wells Fargo bank account located in the Central District of California in the name of Platinum Planning Group, account number xxxxxxx738 (hereinafter, the "PPG Account"):

/ / / /

| OVERT ACT | DATE | AMOUNT |
|---|---|---|
| 1 | 7/22/2004 | $521,000 |
| 2 | 12/1/2004 | $523,000 |
| 3 | 12/20/2004 | $557,000 |

Overt Act No. 4: In or about August 2004, defendant ALMOG opened and caused to be opened a bank account at Bank A Luxembourg in the name of Katumba Capital, Inc. on behalf of client A.F.

Overt Act No. 5: On or about August 8, 2004, defendant ALMOG sent a three-page fax from the New York URS office to unindicted co-conspirator R.S. in the Newport Beach, California URS office that confirmed the opening of the Katumba Capital, Inc. account and provided wiring instruction information needed to wire money to the Katumba Capital, Inc. account held at Bank A Luxembourg.

Overt Acts Nos. 6-14: On or about the following dates, unindicted co-conspirator R.S. caused the following amounts to be wired to account number xxx718 held in the name of Katumba Capital, Inc. at Bank A Luxembourg from one of three bank accounts located within the Central District of California: (1) the PPG account; (2) a Wells Fargo bank account in the name of Transnet Asset Management, account number xxxxxxx448 (hereinafter the "Transnet Account"); and (3) a Wells Fargo bank account in the name of Global Securities Trading, LLC, account number xxxxxxx820 (hereinafter the "Global Securities Account"), as specified below:

/ / / /

| OVERT ACT | DATE | TRANSFERRED FROM | AMOUNT |
|---|---|---|---|
| 6 | 8/10/2004 | PPG Account | $150,000 |
| 7 | 8/18/2004 | PPG Account | $400,000 |
| 8 | 10/4/2004 | PPG Account | $60,000 |
| 9 | 11/17/2004 | PPG Account | $300,000 |
| 10 | 12/27/2004 | PPG Account | $200,000 |
| 11 | 1/12/2005 | PPG Account | $160,000 |
| 12 | 1/31/2005 | Transnet Account | $220,000 |
| 13 | 2/8/2005 | Transnet Account | $220,000 |
| 14 | 4/14/2005 | Global Securities Account | $200,000 |

Overt Acts Nos. 15-16: On or about the following dates, unindicted co-conspirator R.S. filed and caused to be filed false U.S. Returns of Partnership Income, Forms 1065, for the tax years specified below on behalf of client A.F. in the name of Platinum/[F.] Trading JV, which falsely claimed losses in the total amounts listed below:

| OVERT ACT | DATE | TAX YEAR | LOSS CLAIMED |
|---|---|---|---|
| 15 | 8/10/2005 | 2003 | $811,628 - Line 22 |
| 16 | 8/10/2005 | 2004 | $1,105,858 - Line 22 |

Overt Act No. 17: On or about August 9, 2005, defendant ALMOG filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, on behalf of client A.F. for tax year 2004 that (1) failed to report the existence of A.F.'s foreign financial account at Bank A Luxembourg on Schedule B; and (2) falsely claimed a loss of $1,821,612 on Schedule E, Line 29(b).

Overt Act No. 18: On or about April 17, 2006, defendant ALMOG filed and caused to be filed a false U.S.

Individual Income Tax Return, Form 1040, on behalf of client A.F. for tax year 2005 that failed to report the existence of A.F.'s foreign financial account at Bank A Luxembourg on Schedule B.

<u>Overt Act Nos. 19-20</u>: On or before the following dates, defendant ALMOG caused client A.F. to fail to file an FBAR reporting A.F.'s financial interest in, and signature and other authority over, A.F.'s Bank A Luxembourg account:

| OVERT ACT | CALENDAR YEAR | DUE DATE OF FBAR |
|---|---|---|
| 19 | 2004 | June 30, 2005 |
| 20 | 2005 | June 30, 2006 |

<u>Overt Act. No. 21</u>: In or about March 2011, defendant ALMOG shredded and instructed another URS employee to shred records concerning A.F.'s offshore corporation.

### *Client M.A.*

<u>Overt Act No. 22</u>: In or about July 2005, defendant N. KALAI advised client M.A. to create an offshore corporation and establish a foreign financial account in the corporation's name for the purpose of transferring M.A.'s current business income into the foreign account and deducting those transfers as business expenses on M.A.'s business tax returns.

<u>Overt Act No. 23</u>: In or about August 2005, defendant N. KALAI directed and caused the incorporation of an International Business Company called Antelope Int'l, Ltd. in Belize on behalf of client M.A.

<u>Overt Act No. 24</u>: On or about September 29, 2005, defendant N. KALAI caused Bank A Luxembourg account opening forms to be delivered to client M.A.

<u>Overt Act No. 25</u>: On or about October 4, 2005, defendant N. KALAI directed and caused the issuance of two 25,000 bearer share stock certificates in Antelope Int'l, Ltd.

<u>Overt Act No. 26</u>: In or about late 2005, defendant N. KALAI directed client M.A. to transfer $250,000 to account number xxx877 held in the name of Antelope Int'l, Ltd. at Bank A Luxembourg.

<u>Overt Acts Nos. 27-29</u>: On or about the following dates, defendant N. KALAI filed and caused to be filed false U.S. Returns of Partnership Income, Forms 1065, for the tax years specified below in the name of Quattro International Consulting, on behalf of client M.A., which falsely claimed deductions for "Outside Services" in the amounts listed below:

| OVERT ACT | DATE | TAX YEAR | DEDUCTION CLAIMED |
|---|---|---|---|
| 27 | 4/11/2006 | 2005 | $250,000 - Statement 1, Line 20 |
| 28 | 4/19/2007 | 2006 | $640,825 - Statement 1, Line 20 |
| 29 | 3/30/2008 | 2007 | $257,850 - Schedule, TY 2007 Itemized Other Deductions |

<u>Overt Acts Nos. 30-32</u>: On or about the following dates, defendant N. KALAI filed and caused to be filed false U.S. Individual Income Tax Returns, Forms 1040, on behalf of client M.A. and his spouse for the tax years specified below that (1) failed to report the existence of M.A.'s foreign financial account at Bank A Luxembourg on Schedule B; (2) failed to report income in the amount specified below that was generated by M.A.'s Bank A Luxembourg account; and (3) falsely claimed losses from Quattro International Consulting on Schedule E, Line 29(b) for the following tax years and in the amounts specified below:

| OVERT ACT | DATE | TAX YEAR | LOSS CLAIMED | UNREPORTED INCOME |
|---|---|---|---|---|
| 30 | 4/4/2006 | 2005 | $61,683 | $483 |
| 31 | 4/10/2007 | 2006 | $23,279 | $14,317 |
| 32 | 3/15/2008 | 2007 | $31,627 | $47,567 |

Overt Act No. 33: On or about April 30, 2009, defendant N. KALAI filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, on behalf of client M.A. and his spouse for tax year 2008 that (1) failed to report the existence of M.A.'s foreign financial account at Bank A Luxembourg on Schedule B; and (2) failed to report $38,520 of income generated by M.A.'s Bank A Luxembourg account.

Overt Acts Nos. 34-37: On or before the following dates, defendant N. KALAI caused client M.A. to fail to file an FBAR reporting M.A.'s financial interest in, and signature and other authority over, M.A.'s Bank A Luxembourg account:

| OVERT ACT | CALENDAR YEAR | DUE DATE OF FBAR |
|---|---|---|
| 34 | 2005 | June 30, 2006 |
| 35 | 2006 | June 30, 2007 |
| 36 | 2007 | June 30, 2008 |
| 37 | 2008 | June 30, 2009 |

### Client M.N.

Overt Act No. 38: In or about Spring 2000, defendant D. KALAI advised client M.N. to open a foreign financial account in which to deposit proceeds of the sale of stock.

Overt Act No. 39: In or about Spring 2000, defendant D. KALAI referred client M.N. to a banker, D.Z., at Bank B in

Tel-Aviv, Israel, to establish a foreign financial account.

Overt Act No. 40: On or about April 28, 2000, defendant D. KALAI aided, assisted, and caused client M.N. to obtain power of attorney over Falcon Corporate Holdings, Ltd., a Cayman Islands corporation.

Overt Act No. 41: On or about March 21, 2002, defendant D. KALAI filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, on behalf of client M.N. and his spouse for tax year 2001 that failed to report the existence of M.N.'s foreign financial account at Bank B Switzerland-Luxembourg Branch.

Overt Act Nos. 42-44: On or about the following dates, the co-conspirator listed below filed and caused to be filed false U.S. Individual Income Tax Returns, Forms 1040, on behalf of client M.N. and his spouse for the tax years specified below that (1) failed to report the existence of M.N.'s foreign financial account at Bank B Switzerland-Luxembourg Branch; and (2) failed to report income in the amount specified below generated by M.N.'s account at Bank B Switzerland-Luxembourg Branch:

| OVERT ACT | CO-CONSPIRATOR | DATE | TAX YEAR | UNREPORTED INCOME |
|---|---|---|---|---|
| 42 | R.S. | 8/12/2005 | 2004 | $108,039 |
| 43 | R.S. | 4/28/2006 | 2005 | $190,007 |
| 44 | D. KALAI | 2/27/2008 | 2007 | $127,699 |

Overt Acts. Nos. 45-48: On or before the following dates, the co-conspirator listed below caused client M.N. to fail to file an FBAR reporting M.N.'s financial interest in, and

signature and other authority over, M.N.'s foreign financial account at Bank B Switzerland-Luxembourg Branch:

| OVERT ACT | CO-CONSPIRATOR | CALENDAR YEAR | DUE DATE OF FBAR |
|---|---|---|---|
| 45 | D. KALAI | 2001 | June 30, 2002 |
| 46 | R.S. | 2004 | June 30, 2005 |
| 47 | R.S. | 2005 | June 30, 2006 |
| 48 | D. KALAI | 2007 | June 30, 2008 |

Overt Act No. 49: In or about 2006, defendant D. KALAI advised client M.N. not to disclose the existence of, or report income generated by, M.N.'s undeclared bank account.

### Clients J.C. and K.C.

Overt Act No. 50: On or about July 15, 2003, in the Central District of California, unindicted co-conspirator R.S. sent a document entitled "Resolution to Open a Bank Account" to a Bank A employee located at Bank A's Beverly Hills branch to establish a foreign financial account at Bank A Luxembourg in the name of PFL Management, Inc. on behalf of clients J.C. and K.C.

Overt Act No. 51: On or about October 8, 2003, unindicted co-conspirator R.S. directed and caused client J.C. to transfer by wire $175,000 from a corporate account controlled by clients J.C. and K.C. at Bank of America to the Transnet Account.

Overt Acts Nos. 52-53: On or about the following dates, unindicted co-conspirator R.S. caused the following amounts to be wired from the PPG account to account number xxx215 held in the name of PFL Management, Inc. at Bank A Luxembourg:

/ / / /

| OVERT ACT | DATE | AMOUNT |
|---|---|---|
| 52 | 8/3/2004 | $80,000 |
| 53 | 12/10/2004 | $35,000 |

Overt Act No. 54: On or about August 15, 2005, unindicted co-conspirator R.S. filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, on behalf of clients J.C. and K.C. for tax year 2004 that failed to report the existence of J.C. and K.C.'s foreign financial account at Bank A Luxembourg.

Overt Act. No. 55: On or before June 30, 2005, unindicted co-conspirator R.S. caused clients J.C. and K.C. to fail to file an FBAR for calendar year 2004 reporting J.C. and K.C.'s financial interest in, and signature and other authority over, J.C. and K.C.'s Bank A Luxembourg account.

### Client M.W.

Overt Act No. 56: On or about March 23, 2001, unindicted co-conspirator R.S. aided, assisted, and caused the incorporation of Arcos Iris Investments, Inc. in Belize on behalf of client M.W.

Overt Act No. 57: In or about 2002, defendant D. KALAI introduced client M.W. to the branch manager at Bank A's branch in Beverly Hills, California, for the purpose of opening a foreign financial account at Bank A Luxembourg in the name of Arcos Iris Investments, Inc.

Overt Acts Nos. 58-62: On or about the following dates, unindicted co-conspirator R.S. directed and caused client M.W. to wire the following amounts from M.W.'s financial accounts

at MBNA America Bank, N.A. and Solomon Smith Barney to the PPG Account:

| OVERT ACT | DATE | AMOUNT |
|---|---|---|
| 58 | 11/29/2002 | $400,000 |
| 59 | 12/4/2002 | $600,000 |
| 60 | 12/5/2002 | $375,000 |
| 61 | 12/11/2002 | $650,000 |
| 62 | 12/16/2002 | $350,000 |

Overt Acts Nos. 63-67: On or about the following dates, unindicted co-conspirator R.S. caused the following amounts to be wired from Platinum Planning Group to account number xxx241 held in the name of Arcos Iris Investments, Inc. at Bank A Luxembourg:

| OVERT ACT | DATE | AMOUNT |
|---|---|---|
| 63 | 1/29/2003 | $300,000 |
| 64 | 2/7/2003 | $300,000 |
| 65 | 2/19/2003 | $300,000 |
| 66 | 3/18/2003 | $300,000 |
| 67 | 4/9/2003 | $270,000 |

Overt Act No. 68: On or about April 17, 2003, unindicted co-conspirator R.S. filed and caused to be filed a false U.S. Return of Partnership Income, Form 1065, in the name of Platinum Partners I for tax year 2002 that claimed a false loss of $2,175,000 on Line 6.

Overt Act No. 69: On or about April 17, 2003, unindicted co-conspirator R.S. filed and caused to be filed a false U.S. Income Tax Return for an S Corporation, Form 1120S, in the name of MWE International, Inc., for tax year 2002 on behalf

of client M.W. that claimed a false loss attributable to Platinum Partners I of $2,066,520 on Line 5, Other Income (Loss).

<u>Overt Act No. 70</u>: On or about April 14, 2003, unindicted co-conspirator R.S. filed and caused to be filed a false U.S. Individual Income Tax Return, Form 1040, on behalf of client M.W. and his spouse for tax year 2002 that claimed a false loss of $2,167,306 from MWE International, Inc. on Schedule E, Line 27(i)(C) and (D).

<u>Overt Act No. 71</u>: On or before June 30, 2004, unindicted co-conspirator R.S. caused client M.W. to fail to file an FBAR for calendar year 2003 reporting M.W.'s financial

/ / / /

interest in, and signature and other authority over, his Bank A Luxembourg account.

                        A TRUE BILL

                        /S/
                        ———————————————
                        Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

CHRISTOPHER S. STRAUSS
ELLEN M. QUATTRUCCI
Trial Attorneys
Department of Justice, Tax Division