RICHARD G. NOVAK (SBN 149303)
Law Offices of Richard G. Novak
65 North Raymond Avenue, Suite 320
Pasadena, CA 91103
626-578-1175 (voice)
E-Mail: Richard@RGNLaw.com
Attorneys for Defendant DAVID KALAI

ANTHONY M. SOLIS (SBN 198580)
A Professional Law Corporation
1055 West 7th Street, Suite 2140
Los Angeles, CA 90017
(213) 489-5880 (voice)
(213) 489-5923 (facsimile)
anth500@earthlink.net
Attorney for Defendant NADAV KALAI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID ALMOG, ET AL., <br><br> Defendants. | Case No. CR 11-00930(A)-GHK <br><br> **Defendant David Kalai and Nadav Kalai's Joint Application for Order Authorizing Issuance of a *Subpoena Duces Tecum*; Memorandum of Points and Authorities; Declaration of Richard G. Novak and Exhibits Thereto** <br><br> **Proposed Order Lodged Concurrently** <br><br> **Before the Honorable George H. King, Chief United States District Judge** |

Defendants David Kalai and Nadav Kalai, by and through their counsel of record, hereby apply ex parte for an Order Authorizing Issuance of a *Subpoena Duces Tecum*. This application is based upon the attached memorandum of points and authorities, the attached declaration of Richard G. Novak and the exhibits thereto. The proposed *subpoena duces tecum* is attached hereto as Exhibit "A".

1 | Dated: September 26, 2012

Respectfully submitted,

By: _____
Richard G. Novak,
Attorney for Defendant
DAVID KALAI

2

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF APPLICATION FOR ORDER
# AUTHORIZING ISSUANCE OF *SUBPOENA DUCES TECUM*

## I.

## Introduction

Defendants David Kalai and Nadav Kalai (and fugitive David Almog) are charged with conspiracy in violation of section 371 of Title 18 of the United States Code. The First Superseding Indictment ("FSI") alleges that Mr. Almog, Messrs. Kalai, unindicted co-conspirator Robert Sandlin and others conspired to defraud the United States for the purpose of impairing the Internal Revenue Service's ("IRS") ability to collect income tax revenue.  More specifically, the FSI alleges that the named defendants, and unindicted co-conspirator Robert Sandlin, through a tax return preparation business known as United Revenue Service ("URS"), conspired with 5 wealthy URS clients by creating foreign bank accounts in the names of foreign corporations in order to conceal assets and income from the IRS and then filing false tax returns not disclosing those assets and income.

URS was established by David Kalai in 1988 and over a period of more than 20 years had numerous offices located throughout the United States, employed dozens of employees and filed thousands of state and federal tax returns each year. David Kalai was President of URS until January 2002.  He was the CEO and Chairman of the board of directors until 2004.

Unindicted co-conspirator Robert Sandlin was employed by URS from 2000 to 2006.  He was terminated from URS in 2006 after URS discovered that he was embezzling funds from URS clients. After his embezzlements were discovered, Robert Sandlin pled guilty, in this Court, to an Information charging him with a scheme to defraud in violation of 18 U.S.C. § 1343 (wire fraud). (Novak Decl Ex. "B") He was subsequently sentenced to a 30-month term of imprisonment that he is currently serving in a federal correctional institution in Colorado.  (Novak Decl Ex.

3

"C") Robert Sandlin's wire fraud conviction arose out of a series of complex schemes to steal funds from URS clients, <u>some of which</u> are described in the factual basis to his plea agreement. (Novak Decl Ex "D" at 4-5) Neither David Kalai nor Nadav Kalai were ever accused by Mr. Sandlin or by the United States of participating in Mr. Sandlin's scheme to embezzle funds from URS clients.

Pursuant to his cooperation agreement, Mr. Sandlin also admitted to defrauding the IRS of tax revenue by assisting URS clients in establishing foreign corporations and foreign bank accounts in which taxable income was hidden. Mr. Sandlin was not prosecuted for this conduct. He has alleged that David Kalai and Nadav Kalai conspired with him to defraud the IRS in this manner.[1]

Separate and apart from Robert Sandlin's theft of funds belonging to URS clients throughout his tenure with URS, the IRS has also determined that Robert Sandlin prepared false and/or fraudulent tax returns after he was terminated by URS. (Novak Decl Ex. "E")

## II.

**The SDT Seeks Production of Robert Sandlin's IRS Enrolled Agent File**

According to the IRS, "[a]n enrolled agent is a person who has earned the privilege of representing taxpayers before the Internal Revenue Service by either passing a three-part comprehensive IRS test covering individual and business tax returns, or through experience as a former IRS employee. Enrolled agent status is the highest credential the IRS awards. Individuals who obtain this elite status must adhere to ethical standards and complete 72 hours of continuing education courses

---

[1] The 5 URS clients identified in the FSI (A.F., M.A., M.N., M.W. and J.C./K.C.) filed, through URS, tax returns with the IRS that understated their taxable income through the use of foreign corporations and foreign bank accounts. According to the FSI, Mr. Sandlin established foreign bank accounts, moved clients funds among bank accounts, and prepared false returns with respect to each of these clients except for URS client M.A.

every three years." (http://www.irs.gov/Tax-Professionals/Enrolled-Agents/Enrolled-Agent-Information).

According to an individual who represented herself to be the Director of the IRS' Office of Enrolled Agent Policy and Management, Robert Sandlin was an enrolled agent with the IRS from approximately 1994 to 2009. The Director also stated that she is not authorized to provide my investigator with a copy of Mr. Sandlin's Enrolled Agent file. (Novak Decl ¶ 10*)*

Robert Sandlin was on probation in a felony narcotics offense in Texas from approximately 1999 to 2006. (Novak Decl Ex "F") Under IRS regulations, an Enrolled Agent must renew their status every three years by completing and signing, under penalty of perjury, an application for renewal of enrollment, IRS Form 8554. (Novak Decl. Ex. "G") IRS Form 8554 requires an Enrolled Agent to certify whether or not they have been convicted of a felony. A felony conviction is grounds for disbarment as an Enrolled Agent, as, of course, are the filing of false tax returns and the misappropriation of client funds. (31 C.F.R. 10.50-10.51)

The *subpoena duces tecum* which Messrs. Kalai seek leave to serve at this time is directed to the IRS' Office of Enrolled Agent Policy and Management and seeks the entire file maintained by that office concerning the Enrolled Agent status of Robert Sandlin. If, as the Director of that office has represented, Mr. Sandlin was an enrolled agent from 1994 to 2009, either Robert Sandlin truthfully disclosed conduct that would have placed IRS on notice that he was not qualified to be an Enrolled Agent and the IRS failed to terminate his status as an Enrolled Agent (a dubious proposition), or Mr. Sandlin concealed from the IRS his felony conviction and other disqualifying conduct. The IRS has already determined that well after Mr. Sandlin's status as an Enrolled Agent lapsed for failure to renew he was still falsely holding himself out as an Enrolled Agent, in violation of 18 U.S.C. § 1001. (Novak Decl. Ex "H")

While the United States has informed the defendants in this action that it does not presently intend to call Mr. Sandlin as a witness at trial, the government is not bound by that present intention. Moreover, evidence of Mr. Sandlin's apparent pattern of filing false tax returns and making false statements to the IRS in connection with his status as an Enrolled Agent are admissible at trial because Mr. Sandlin is named as an unindicted co-conspirator in a scheme to defraud the United States government of tax revenues through the filing of false tax returns. (Fed R. Evid. 404, 405)  Messrs. Kalai do not dispute the allegation in the FSI that Mr. Sandlin conspired with URS clients to file false tax returns and the defendants intend to present evidence in support of that allegation at trial.

### III.
### Counsel for the United States in this Action has Refused to Obtain and Provide to the Defendants the Contents of Mr. Sandlin's Enrolled Agent File

On September 18, 2012, undersigned counsel sent a letter to the government's counsel in this matter asking that counsel obtain Robert Sandlin's Enrolled Agent file from the IRS' Office of Enrolled Agent Policy and Management and provide it to the defendants pursuant to the protective order issued by this Court. (Novak Decl Ex. "I")  On September 21, 2012, government counsel informed counsel for the defendants that they will not do so. (Novak Decl Ex. "J" at 2). If counsel for the United States refuses to obtain this file from another agency of the United States government, the defendants have no means other than a subpoena to obtain the documents in this file.

### IV.
### Federal Rule of Criminal Procedure 17(c) Authorizes the Issuance of *Subpoenas Duces Tecum* in Advance of Trial

"The party seeking to use the use of a subpoena under Rule 17(c), Federal Rules of Criminal Procedure, must show: 1) relevancy, 2) admissibility, and 3) specificity. United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed.

6

2d 1039 (1974). In order to justify a subpoena for production before trial, the proponent must also demonstrate that the subpoenaed materials are not available from any other source and their examination and processing should not await trial in the circumstances shown. These determinations are of course committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon determination of factual issues." United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981)

In U.S. v. Nixon, the Court stated, "[a]s both parties agree, cases decided in the wake of Bowman have generally followed Judge Weinfeld's formulation in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), as to the required showing. Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 699-700 (1974).

## V.

### The Need for the *Subpoena Duces Tecum* Sought in this Application

With respect to the records sought by the *subpoena duces tecum*, counsel has an obligation to review these records well in advance of trial in order to identify potentially exculpatory evidence that may require further investigation, interviews of additional witnesses, or the use of experts. The documents sought in the *subpoena duces tecum* are relevant because they likely contain information consistent with and probative of the government's claim that Robert Sandlin participated in a scheme to defraud the United States and specifically the IRS. The documents sought are likely

admissible because they are records regularly created and maintained by a public agency.

Counsel are not engaged in a fishing expedition. Counsel have specific information that strongly suggests that the documents sought in the *subpoena duces tecum* will establish fraudulent conduct by an unindicted individual whom the government claims engaged in fraudulent conduct with the defendants.

With respect to counsel's ability to gather these records in another manner, the government has refused to provide these documents pursuant to an informal request for discovery, yet has cited no statutory or other bar to doing so.

## VI.
## Conclusion

The proposed order sets forth the date by which the *subpoena duces tecum* is to be served and the documents are to be produced directly to counsel or, in the alternative, a motion to quash must be filed.  Counsel believe that an order setting a date by which the subpoena must be complied with will allow the defense to move more expeditiously toward completion of the defense investigation and, if necessary, trial preparation.

Respectfully submitted,

LAW OFFICES OF RICAHRD G. NOVAK
Attorneys for David Kalai, Defendant

Dated:  September 26, 2012    By: _____
                                                                                           RICHARD G. NOVAK