RICHARD G. NOVAK (SBN 149303)
Law Offices of Richard G. Novak
65 North Raymond Avenue, Suite 320
Pasadena, CA 91103
626-578-1175 (voice)
E-Mail: Richard@RGNLaw.com
Attorney for Defendant DAVID KALAI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 11-00930(A)-TJH |
| Plaintiff, | DEFENDANT DAVID KALAI'S NOTICE OF MOTION; MOTION FOR DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF RICHARD G. NOVAK AND EXHIBITS THERETO |
| vs. | |
| DAVID ALMOG, ET AL., | |
| Defendants. | Hearing Date: Nov. 4, 2013 |
| | Time of Hearing: 10:00 a.m. |
| | Location:  Courtroom Number 17 |

## NOTICE OF MOTION; MOTION FOR DISCOVERY

TO THIS HONORABLE COURT AND PLAINTIFF UNITED STATES OF AMERICA: PLEASE TAKE NOTICE THAT on November 4, 2013, at 10:00 a.m., or at any other date and time set by the Court, counsel for defendant David Kalai will and hereby does move this Honorable Court for an order compelling the United States to produce the documentation and information requested in exhibits "A" and "D" to the attached declaration of counsel.

1 | This motion is based upon the attached memorandum of points and authorities,
2 | and such other matters as the Court may consider at the hearing on this motion.
3 | Dated: October 6, 2013           RESPECTFULLY SUBMITTED,

RICHARD G. NOVAK
Attorney for David Kalai


By: _____
    RICHARD G. NOVAK

## MEMORANDUM OF POINTS AND AUTHORITIES

At the outset of this tax fraud conspiracy prosecution 16 months ago, the government, through its present counsel, aggressively sought Mr. Kalai's pre-trial detention, notwithstanding his lack of any criminal history, his substantial ties to and assets in this district, his age and health condition, and the dated allegations in the indictment.[1]  Subsequent to its initial inability to convince this Court (Magistrate Judge Wilner) that pre-trial detention was consistent with Mr. Kalai's rights under the Bail Reform Act[2], the government has, at virtually every turn, resisted efforts by Mr. Kalai to modify conditions of release in order to facilitate necessary medical treatment, as well as reasonable requests for limited domestic travel.[3]  At each turn, this Court has gradually reduced the restrictions on Mr. Kalai's freedom of movement, always over the government's objection.[4]

Notwithstanding the level of attention given to Mr. Kalai's conditions of release by Magistrate Judge Wilner, in March 2013, immediately after Mr. Kalai completed a court-approved trip to New York City with this life partner Ms. Farkas, a trip conditioned by a curfew and daily telephonic contact with Pre-Trial Services (Doc. No. 134), the government executed a law enforcement operation in New York City that included interviews with staff and residents of the apartment building where Ms. Farkas' family members reside, and, apparently, the seizure of video-recordings of Mr. Kalai's movements.  The government refused to provide Mr. Kalai with any information or documentation concerning that law enforcement operation.  (Novak Decl. Exhs. "A", "B") Shortly after that operation was brought

---

[1] The First Superseding Indictment, naming David Kalai as a defendant in this matter for the first time, was filed on June 14, 2012.  (Doc. No. 11)  The government
[2] Magistrate Judge Wilner released Mr. Kalai on bond, over the government's objection, with conditions that included home confinement, electronic monitoring and full deeding of the equity in his Newport Beach home. (Doc. No. 22)
[3] See Doc. Nos. 79, 86, 87; 113, 114; 119, 120; 130, 131; 164, 169; 239. (Applications/Motions and Oppositions re modifications of conditions of release)
[4] See Doc. Nos. 89, 115, 122, 134, 170, 240. (Orders modifying conditions of release)

3

to the attention of Magistrate Wilner, he declined to require Mr. Kalai to provide the government with his itinerary concerning subsequent out-of-district travel. (Doc. No. 170, "The Court DENIES the government's request that Defendant be required to inform the government before any such domestic travel.")

More recently, the government, apparently with no written documentation or other verification, informed Pre-Trial Services that Mr. Kalai was planning to leave the country, resulting in the "verbal" issuance of a warrant for his arrest on a Friday afternoon without notice to counsel. This verbal warrant resulted in another law enforcement operation, this time at Mr. Kalai's home, his arrest, an emergency hospitalization and a last-minute determination that Mr. Kalai was not, in fact, planning to leave the country. (Novak Decl Ex. "C") Again, the government has declined, although this time through silence, to provide Mr. Kalai with any documents or information concerning its "investigation," if any, of an unsubstantiated TSA claim that Mr. Kalai was seen at an airport attempting to purchase tickets to fly to Canada, a claim that was determined, only *after* Mr. Kalai's arrest, to be false. (Novak Decl Ex. "D")

The documentation and information concerning these law enforcement operations which Mr. Kalai has unsuccessfully attempted to obtain from the government pursuant to informal means, is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), because it may lead to admissible evidence that is, in Mr. Kalai's eyes, exculpatory at trial, if there is one, and/or at the time of sentencing, if there is such a time.

It is Mr. Kalai's understanding that both of these operations involved agents of the Internal Revenue Service (IRS), and/or agents of other federal law enforcement agencies acting at their direction, in consultation with government counsel. The government has refused, to date, to provide Mr. Kalai with a witness list for the trial in this matter. Numerous IRS agents have participated in the pre- and post-indictment investigation of this matter, have interviewed witnesses who are

either expected to testify or who are unavailable to testify, and who are, therefore potential trial witnesses themselves. Moreover, the government's *mantra* for almost 16 months has been that Mr. Kalai is a flight risk and it has acted as if 24-hour surveillance of him and his residence is necessary to secure his appearance in these proceedings.

If there is a time for sentencing, the government will surely argue that a custodial sentence is necessary to fulfill the goals of sentencing (18 U.S.C. § 3553(a)) just as it has claimed throughout these proceedings that Mr. Kalai is a flight risk. Mr. Kalai's compliance with the conditions of release, the reasonableness of the government's claims about his respect for the authority of the Court, and his ability to comply with the conditions of a non-custodial sentence will be an integral aspect of any sentencing that may occur in this matter.

Therefore, Mr. Kalai seeks an order compelling the United States to provide him with all of the information and documentation that has been sought, unsuccessfully, through informal means. (Novak Decl. Exhs. "A", "B" and "D") As always, Mr. Kalai will comply with any protective order that the Court deems necessary with respect to such discovery.

Dated: October 6, 2013         RESPECTFULLY SUBMITTED,

                               RICHARD G. NOVAK
                               Attorney for David Kalai


                               By: _____
                                   RICHARD G. NOVAK