RICHARD G. NOVAK (SBN 149303)
Law Offices of Richard G. Novak
65 North Raymond Avenue, Suite 320
Pasadena, CA 91103
626-578-1175 (voice)
E-Mail: Richard@RGNLaw.com

Attorneys for Defendant
DAVID KALAI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 11-00930(A)-TJH |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT DAVID KALAI'S RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION FOR DISCOVERY** |
| DAVID ALMOG, ET AL., ) | |
| Defendants. ) | |

Defendant David Kalai, by and through his counsel of record, Richard G. Novak, hereby files *Defendant David Kalai's Response to Government's Opposition to Motion for Discovery*.

Dated: October 29, 2013     RESPECTFULLY SUBMITTED

By: _____
Richard G. Novak,
Attorney for Defendant
DAVID KALAI

## RESPONSE TO OPPOSITION TO MOTION FOR DISCOVERY

In response to his written but informal requests, the government has twice declined to provide Mr. Kalai with documentation and information concerning two operations by the IRS' case agents that involved: 1) surveillance of Mr. Kalai during a court-authorized trip to New York City, and 2) the "verbal" request for an arrest warrant based on an unverified and patently false TSA report that Mr. Kalai was preparing to leave the United States without the Court's permission. In response to his motion for discovery, filed only after the government rejected (on the one hand) and failed to respond to (on the other) Mr. Kalai's requests, the government claims that there is no basis in law for Mr. Kalai's request for discovery.

Importantly, the government fails to address Mr. Kalai's argument that the government is in possession of evidence of Mr. Kalai's compliance with Court orders, evidence that will be relevant at sentencing, if there is one, because it rebuts the often-repeated refrain by the government that Mr. Kalai cannot be trusted to comply with Court orders. The government's view of the applicability of *Brady v. Maryland* to this situation is unreasonably restrained and inconsistent with the well-established standard for the *pre-trial* determination of what is and is not potentially exculpatory with respect to guilt or punishment.

In *United States v.* Sudikoff, District Judge Pregerson wrote:

> Because the definitions of materiality as applied to appellate review are not appropriate in the pretrial discovery context, the Court relies on the plain meaning of "evidence favorable to an accused" as discussed in *Brady*. The meaning of "favorable" is not difficult to determine. In the *Brady* context, "favorable" evidence is that which relates to guilt *or punishment* [] and which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses. [] The Court notes again that in the pretrial context it would be inappropriate to suppress evidence because it seems insufficient to alter a jury's verdict. Further, "the

2

government, where doubt exists as to the usefulness of evidence, should resolve such doubts in favor of full disclosure . . .." Thus, the government is obligated to disclose all evidence relating to guilt *or punishment* which might reasonably be considered favorable to the defendant's case.

*United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1199 (C.D. CA. 1999) (internal citations omitted)(emphases added).

It appears that the government rejects this interpretation of its duty under *Brady, and/*or fails to see how the evidence "might reasonably be considered favorable" with respect to punishment. Therefore, Mr. Kalai respectfully urges this Court to order the government to disclose the documents and information sought in the motion or, in the alternative, to lodge all of the materials at issue with this Court for *in camera* review so that this Court can make an independent determination.

Dated: October 29, 2013        RESPECTFULLY SUBMITTED

By: _____
Richard G. Novak,
Attorney for Defendant
DAVID KALAI

3