RICHARD G. NOVAK (SBN 149303)
Law Offices of Richard G. Novak
65 North Raymond Avenue, Suite 320
Pasadena, CA 91103
626-578-1175 (voice)
E-Mail: Richard@RGNLaw.com

Attorneys for Defendant
DAVID KALAI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 11-00930(B)-TJH |
| Plaintiff, | |
| vs. | **DEFENDANT DAVID KALAI'S RESPONSE TO GOVERNMENT'S STATUS REPORT OF NOV. 20, 2013 (DOC. NO. 281)** |
| DAVID ALMOG, ET AL., | |
| Defendants. | |

Defendant David Kalai, by and through his counsel of record, Richard G. Novak, hereby files *Defendant David Kalai's Response to Government's Status Report of November 20, 2013 (Doc. No. 281)*.

Dated:  December 5, 2013         RESPECTFULLY SUBMITTED


                                 By: _____
                                 Richard G. Novak,
                                 Attorney for Defendant
                                 DAVID KALAI

# Defendant Kalai's Response to
# Government's Status Report of November 20, 2013

On November 20, 2013, the government filed another Status Report with respect to Mr. Kalai's competency, reporting more than six weeks after Mr. Kalai first provided the Court and the government with the report of Dr. Kalechstein and more than two weeks after the evidentiary hearing conducting concerning Mr. Kalai's competency that it "is in the process of gathering information on qualified forensic psychologists in the Los Angeles area…" (Status Report at 8, ll. 23-24)  Mr. Kalai has three short comments concerning the government's Status Report.

First, the government claims, at 3, ll. 15-16, that "[t]he government was not afforded an opportunity to present evidence…" at the evidentiary hearing held on November 4, 2013.  This claim that the Court denied the government due process is patently incorrect and apparently made, at this stage, in order to introduce confusion into the record.  The government had no witnesses and made no effort to bring to the Court's attention that it wished to present any other form of evidence.  While the government had marked as exhibits two audio recordings that it claims would "rebut" Dr. Kalechstein's testimony, it did not move these recordings into evidence during the hearing, did not cross-examine Dr. Kalechstein concerning these recordings, and did not move them into evidence after Mr. Kalai's case-in-chief concluded.

Second, the Status Report implies that this Court somehow *precluded* the government from retaining a qualified mental health professional to conduct an independent evaluation of Mr. Kalai's competency.  After informing this Court on November 8, 2013 that it could not arrange for the BOP to conduct an evaluation of Mr. Kalai, the government took no further steps to arrange an evaluation, and did not propose *any* expert to the Court for approval under 18 U.S.C. § 4247(b).

Third, the government argues that Mr. Kalai "invites legal error" by arguing that 18 U.S.C. § 4241(d)(1) is not "mandatory" where the court finds that there is no "reasonable period of time" "necessary" to determine if Mr. Kalai can be restored to

competency. The Ninth Circuit has never held that these portions of the statute have no meaning. *United States v. Strong*, 489 F.3d 1055 (9th Cir. 2007) merely held that the statute does not violate due process. It did not address the import of those phrases within section 4241(d)(1) and the opinion does not suggest that there was any evidence that Strong's competency was not subject to restoration Importantly, Strong was detained without bond after violating his conditions of release. *Id.* at 1058.

Therefore, *Strong* provides this Court with little guidance and certainly does not compel this Court to incarcerate a defendant who has been on bond since the day of his arrest 18 months ago, has significant health issues, is 76 years old, and, according to un-rebutted expert testimony produced to the government more than two months ago, cannot be restored to competency.[1]

Dated: December 5, 2013                    RESPECTFULLY SUBMITTED


By: _____
Richard G. Novak
Attorney for Defendant
DAVID KALAI

---

[1] The government's claim that Mr. Kalai invites legal error is also misplaced. The doctrine of invited error is a standard of review most frequently used for reviewing jury instructions that have been proposed by a defendant but which he later complains of on appeal. See, e.g., *United States v. Perez*, 116 F.3d 840 (9th Cir. 1997). It has also been said that "[u]nder circumstances in which the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action, we will regard any error as having been caused by the actions of defense counsel, and review the error under the doctrine of invited error. *United States v. Ahmad*, 974 F.2d 1163, 1165 (9th Cir. 1992). Under the invited-error doctrine, an error that is caused by the actions of the complaining party will cause reversal "only in the most 'exceptional situation.'" *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991).